IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| WILLIAM D. HEGEMAN, JR., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv-00194 |
| | § | |
| MANPOWERGROUP US INC. | § | |
| | § | |
| *Defendant.* | § | |

---

### DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331, 1332, 1441 AND 1446

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, Defendant ManpowerGroup US Inc. ("Manpower" or "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, and gives notice that it hereby removes the case styled *William D. Hegeman, Jr. v. ManpowerGroup US Inc.*, Cause No. *2019DCV2091*, filed in the 327th Judicial District Court of El Paso County, Texas (the "State Court Action"). As grounds for removal, Defendant respectfully states the following:

### I.   THE STATE COURT ACTION

1.      The State Court Action arises out of Plaintiff's employment with Manpower.

2.      On June 3, 2019, Plaintiff initiated the State Court Action by filing his Original Petition in the 327th Judicial District Court of El Paso County, Texas.   *See* Exhibit B2, ("Petition").

3.      In his Petition, Plaintiff asserts claims for age discrimination and retaliation in violation of the the Age Discrimination and Employment Act of 1990 ("ADEA") and Chapter 21 of the Texas Labor Code, and seeks recovery of back pay and benefits; reinstatement or front pay

and benefits; liquidated damages under the ADEA; compensatory damages; punitive damages; attorney's fees; costs; and interest. *See* Exhibit B2 ¶¶ 4, 14-20 and Prayer. Additionally, Plaintiff specifically seeks damages in the range of $200,000 to $1,000,000. *See* Exhibit B2 ¶ 20.

4.    On June 11, 2019, a Citation directed to Manpower was issued by the El Paso County Clerk. *See* Exhibit B4.

5.    On June 18, 2019, Defendant was served with service of citation. *See* Officer's Return attached as Exhibit B5.

6.    On July 3, 2019, Manpower filed its Original Answer. *See* Exhibit B6.

7.    No further proceedings have taken place in the State Court Action.

8.    Upon filing this Notice of Removal, Defendants will promptly file a Notice of Filing Notice of Removal in the State Court Action. *See* Exhibit C.

## II.    REQUIREMENTS FOR REMOVAL

9.    In accordance with 28 U.S.C. § 1446(a), Defendant attaches the following to its Notice of Removal:

> Exhibit A:    Index of all matters filed in the State Court Action that clearly identifies each document and indicates the date the document was filed.
>
> Exhibit B:    Copies of all process and pleadings in the State Court Action, individually tabbed and arranged in order of filing under Tabs B1 through B6.
>
> Exhibit C:    Notice of Filing Notice of Removal to be filed with the Clerk of the Court for El Paso County, Texas.

10.    As stated herein, Plaintiff filed the State Court Action on June 3, 2019. On June 18, 2019, Manpower was served via certified mail return receipt requested. Consequently, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

11.     As set forth in more detail below, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1332.  Except as otherwise expressly provided by an Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending.  *See* 28 U.S.C. § 1441(a).  The El Paso Division of the Western District of Texas is the United States District and Division embracing El Paso County, Texas, the county in which the State Court Action is pending.  *See* 28 U.S.C. § 124(d)(3).

12.     As required by 28 U.S.C. § 1446(d), the Defendant will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the Court for El Paso County, Texas, where the State Court Action is currently pending.  *See* Exhibit C.

## III.     THIS COURT HAS JURISDICTION BASED ON A FEDERAL QUESTION

13.     The district courts of the United States have original jurisdiction over this action based on a federal question.  28 U.S.C. § 1331. In his Petition, Plaintiff alleges that Defendant violated the federal Age Discrimination in Employment Act ("ADEA").  *See* Exhibit B2 ¶ 4. Because Plaintiff's claims are based on alleged violations of federal law, the lawsuit could have been originally filed in this Court. Thus, this action is within the original federal question jurisdiction of the U.S. District Court pursuant to 28 U.S.C. § 1331.

14.     Under 28 U.S.C. § 1367(a), supplemental jurisdiction exists when the District Court has original jurisdiction over at least one of the claims, and the additional claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  In this case, the court has original jurisdiction over the Plaintiff's ADEA claims.  Plaintiff's state law claims alleging

age discrimination and retaliation under Chapter 21 of the Texas Labor Code entirely overlap with the corresponding federal claims and rely on the same set of core facts set out in the Petition. Thus, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

## IV.   THIS COURT HAS JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

15.    Pursuant to 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction of civil actions that are between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. As explained below, this case also falls within the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

A.    Diversity of Citizenship

16.    According to the Petition, Plaintiff resides in El Paso County, Texas. *See* Exhibit B2 ¶ 2. Thus, Plaintiff is a citizen of the State of Texas for purposes of 28 U.S.C. § 1332.

17.    Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been **incorporated** and of the State . . . where it has its **principal place of business** . . . ." 28 U.S.C. § 1332(c)(1) (emphasis added).

18.    Manpower is incorporated under the laws of the state of Wisconsin. Furthermore, it has its principal place of business in Wisconsin, which is where its officers direct, control, and coordinate the corporation's activities, and where the corporation maintains its headquarters. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (setting forth the "nerve center" test for determining a corporation's principal place of business). Thus, Manpower is a citizen of Wisconsin for purposes of diversity.

19.    Accordingly, for the purposes of 28 U.S.C. § 1332(a)(1), diversity jurisdiction exists between Plaintiff (a citizen of Texas) and Defendant (a citizen of Wisconsin) at the time of filing this Notice of Removal.

B.      Amount in Controversy

20.      A defendant may show that the amount in controversy exceeds $75,000 by (1) demonstrating that it is "facially apparent" that Plaintiff's claimed damages are likely greater than $75,000; or (2) "setting forth the *facts* in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1225 (5th Cir. 1995) (emphasis in original); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

21.      Here, the Petition specifically states: "Plaintiff pleads that he anticipates at this time that the amount of damages he will request the jury to assess at trial will be between $200,000 to $1,000,000." *See* Exhibit B2 ¶ 20.  Thus, it is "facially apparent" that the amount in controversy exceeds the jurisdictional minimum.   Indeed, the *low end* of Plaintiff's alleged damages range significantly exceeds the $75,000 requirement.

22.      Moreover, federal courts in Texas have frequently determined that suits under similar circumstances—*i.e.* discrimination claims where plaintiff seeks the full spectrum of available damages—are removable even if the amount in controversy is *not* specified by the plaintiff's petition. *See Lee v. Dollar Tree Stores, Inc.*, No. CIV.A. H-07-0955, 2007 WL 1481075, at *3 (S.D. Tex. May 21, 2007) (in employment discrimination case under Chapter 21 of Texas Labor Code, finding by "a preponderance of the evidence that Plaintiff's claims for lost wages, for front pay, for attorneys' fees, and for punitive damages, establish the likelihood that the total amount in controversy in the aggregate is in excess of $75,000."); *Fuentes v. Union Pacific R.R. Co.*, No. 3:2005cv00417, 2006 WL 506048 (W.D. Tex. Feb. 14, 2006) (holding that it was facially apparent that amount in controversy exceeded $75,000 in suit for compensatory damages and attorneys' fees under Texas Labor Code Chapter 21, even though plaintiff specifically pleaded for recovery not to exceed $74,000); *Acosta v. Drury Inns, Inc.*, 400 F.

Supp. 2d 916 (W.D. Tex. 2005) (holding that it was facially apparent that claim exceeded jurisdictional limits, because plaintiff sued for actual damages, compensatory damages, emotional distress, punitive damages and attorneys' fees under Texas Labor Code Chapter 21, even though petition did not state amount plaintiff sought); *Martin v. Sw. PCS, L.P.*, No. SA-03-CA-866-XR, 2003 WL 22477692, at *3–4 (W.D. Tex. Nov. 3, 2003) (holding it was facially apparent from petition that amount in controversy exceeded $75,000 where plaintiff sought past and future lost wages as damages; damages for lost benefits; nonpecuniary damages for severe emotional distress, humiliation, mental trauma and injury to plaintiff's professional and credit reputation; attorneys' fees; and punitive damages).

23.     Based on the foregoing, Manpower has established that the parties are citizens of different states and that the amount or value of Plaintiff's claims exceeds $75,000.  For these reasons, this case is within the jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a)(1).

V.    CONCLUSION

24.     This Court has subject matter jurisdiction over the case and removal is proper.

PRAYER

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant hereby removes the case styled *William D. Hegeman, Jr. v. ManpowerGroup US Inc.*, Cause No. 2019DCV2091, filed in the 327th Judicial District Court of El Paso County, Texas, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

*/s/ R. Shawn Oller*
R. Shawn Oller (Attorney-in-Charge)
Texas State Bar No. 00794399
Salvador Davila
Texas State Bar No. 24065119

**LITTLER MENDELSON, P.C.**
A Professional Corporation
2425 E. Camelback Road, Suite 900
Phoenix, Arizona  85016
602.474.3600 (Telephone)
602.957.1801 (Facsimile)
soller@littler.com

*Address for Salvador Davila ONLY*

100 Congress Avenue, Suite 1400
Austin, Texas  78701
512.982.7250 (Telephone)
512.982.748 (Facsimile)

**ATTORNEYS FOR DEFENDANT MANPOWERGROUP US INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 18th day of July 2019, I electronically submitted the foregoing document with the Clerk of the Court using the ECF system for filing.  Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF Registrants:

*Via E-mail:  lawoffice@johnwenke.com*
*Via Facsimile:  915.351.9955*
John A. Wenke
501 E. California Ave.
El Paso, Texas 79902
lawoffice@johnwenke.com

*Counsel for Plaintiff*
*William D. Hegeman Jr.*

/s/ R. Shawn Oller
R. Shawn Oller

FIRMWIDE:165394369.4 096215.1044